RICHARD R. SHECKELL *vs.* WILLIAM JACKSON & others.

In an action for the publication of a libel, the defendant asked a news-collector, who wrote a part of the article complained of, " what inquiries and examinations he made, and what sources of information he applied to, before making the communications," which tended to charge the plaintiff with dishonesty and bad faith ? *Held,* that the question was incompetent, and that the defendant, as a foundation for such question, could not prove that there was a general anxiety in the community, in regard to the facts stated in the publication.

In this case, which was an action for a libel tried before *Fletcher,* J. in this court, the material facts are stated in the opinion of the court.

The case was argued and decided as of the September term, 1851.

*R. H. Dana, Jr.* for the defendants.

*G. Ashmun,* for the plaintiff.

SHAW, C. J.    This is an action on the case for a libel published of the plaintiff, an inhabitant of the District of Columbia, charging him with treachery and bad faith, in regard to money received by the plaintiff, to obtain the manumission of a fugitive slave, and then inviting the slave to go into a slave district, for the purpose of again placing him in a state of slavery. The case was original in this court; was tried before Mr. Justice Fletcher, and the only question before us arises on his report.

A witness, described as a news-collector, having testified that he wrote a part of the article complained of, and the part tending perhaps most to slander the plaintiff, it was on the part of the defendants proposed to ask him " what inquiries and examinations he made, and what sources of information he applied to, before making the communications " tending to charge the plaintiff with dishonesty and bad faith. This was objected to and rejected. This we think was correct. The answers could have no tendency to prove the truth of the facts charged ; and for the purpose of proving reports and rumors, from whatever source derived, we think they were immaterial and inadmissible.

The same objection we think lies, with increased strength,

against the offer by the defendants to prove that there was a general anxiety in the community lest Ringgold, the colored man in question, had been deceived in the transactions with the plaintiff referred to, and thus reduced to slavery. Without any attempt or offer to prove the fact that the plaintiff had been guilty of the deception imputed to him, the general anxiety, if it existed, afforded no justification or excuse for charging such misconduct upon the plaintiff, in a newspaper intended for general circulation in the community.

The other exception related to the directions given by the judge to the jury in matter of law, which were as follows :

" On the part of the defendants, it is maintained, that when a party has a duty to perform, and in the performance of that duty states honestly what he believes to be true, the occasion furnishes a justification for the statement, though he may be mistaken ; and that the case of the defendants comes within the principle.   It is true there is such a class of cases.   When a party has a duty to perform, and states honestly what he believes to be true, though mistaken, the occasion furnishes a justification, unless the plaintiff can show express malice The occasion in such a case prevents the implication of malice.   This principle is stated in the case of *Bradley* v *Heath*, 12 Pick. 163."

" So in this case, if the occasion were such an one as comes within this principle, then it would prevent the implication of malice, for publishing what was not true, and the plaintiff would not recover without showing express malice."

" But in point of law, the occasion of this publication was not such an one as affords a justification to the defendants for publishing what was not true.   The defendants' case does not come within the privileged or excepted cases from the general rule.   But if the publication is libellous upon the plaintiff, upon the definition of libel as before given to you, then the defendants are by law responsible to the plaintiff in damages for the injury they have done him."

" Then it has been urged upon you that conductors of the public press are entitled to peculiar indulgence, and have especial rights and privileges.   The law recognizes no such

peculiar rights, privileges, or claims to indulgence. They have no rights but such as are common to all. They have just the same rights that the rest of the community have, and no more. They have the right to publish the truth, but no right to publish falsehoods to the injury of others with impunity."

These instructions, in the opinion of the court, are correct in point of law, carefully illustrated and qualified, and were well adapted and applied to the circumstances of the case.

*Judgment on the verdict for the plaintiff.*